Dykman, J.
The plaintiff in this action seeks to recover for services rendered to the defendant. The first section of the complaint alleges the incorporation of the defendant, and then follows the second paragraph in these words:
“ Second. That the above named plaintiff did, between the years 1881 and 1885, at the request of the said defendant, certain work, labor and services as a civil engineer in drawing certain plans, maps, estimates, negotiating' for capital and attending before common council committees, etc.,- of the value of two thousand five hundred and fifty dollars -($2,550).”
There follows an allegation that no part of the claim has been paid, although it has been demanded and that the same remains due and unpaid, and judgment is demanded for the whole amount, with interest and costs.
The first section of the answer of the defendant admits the incorporation, and then follows the second section in *587 these words: “It admits that the plaintiff performed certain work, labor and services for defendant during the times mentioned in paragraph two of the complaint herein, hut avers that plaintiff’s services have been fully paid for, and that there is not now due or owing any sum from defendant to plaintiff,” and then follows a demand for the dismissal of the complaint with costs, and that is all there is in the answer. It contains no denial of the complaint or of any fact stated therein, and the only defense it sets up is the averment of payment.
So the claim of the plaintiff stood admitted upon the pleadings and the only issue in the case was presented by the plea of payment. Upon the trial, therefore, the plaintiff was required to make no proof, and the defendant held the affirmative of the issue.
Yet notwithstanding that state of the pleadings, the plaintiff was placed upon the stand as a witness in his own hehalf and examined at length to prove his claim, and cross-examined by the counsel for the defendant.
Then the defendant examined many witnesses, officers and incorporators of this company to show a want of employment of the plaintiff by the defendant, that he never was appointed engineer by the corporation and that his services were of small value. No testimony was introduced in support of the plea of payment except as to the sum of $300 not included in the plaintiff’s claim in this action.
All the testimony, therefore, introduced upon the trial on both sides was outside of the issue made by the pleadings, and could have been of no service in the decision of the case.
The claim of the plaintiff stood admitted, and no proof of its payment had been furnished.
Judgment followed for the plaintiff necessarily, and if the defendant has suffered the case is beyond the reach of an appellate tribunal.
The judgment should be affirmed, with costs.
Barnard, P. J., and Pratt, J., concur.